## PEOPLE *v.* BURGOS.

APPEAL from the District Court of San Juan, Section 2.

No. 388.—Decided December 18, 1911.

CRIMINAL LAW — AGGRAVATED ASSAULT AND BATTERY — PLEA OF FORMER JEOPARDY—CONSIDERATION ON APPEAL OF PLEA OF FORMER JEOPARDY.—In order that the Supreme Court may consider on appeal the defendant's plea of former jeopardy it is not sufficient simply to allege in the statement of facts that said plea was filed by the accused and supported by oral arguments, but it is necessary to state the facts on which the same was based.

ID.—CONTRADICTORY EVIDENCE—CONSIDERATION THEREOF BY TRIAL JUDGE.—When the evidence taken is contradictory the consideration of the same by the trial judge will not be disturbed by this court on appeal unless it is shown that the trial court was actuated by passion, prejudice, or partiality, or that it committed manifest erorr.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellant.

*Mr. Charles E. Foote,* solicitor, for appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment rendered by the District Court of San Juan, Section 2, in a case of aggravated assault and battery.

The appeal was heard on November 29 last and at the hearing counsel for the appellant moved for the reversal of the judgment or for the modification of the sentence should the former petition be denied.

The following were the grounds alleged:

First. Former jeopardy of the accused.

Second. That the evidence taken was not sufficient upon which to find the accused guilty, and,

Third. That the sentence imposed upon the defendant is excessive.

As to the first ground alleged, only in the "statement of facts" prepared by the appellant himself and certified by the trial judge, does it appear that "After the secretary of the court had read the complaint the attorney for the defendant filed a plea of former jeopardy, which plea he supported by oral argument. The prosecuting attorney opposed said plea and the court overruled it. The defendant's attorney took exception."

This being the case, it is clear that we have no basis upon which to discuss the merits of the plea. To state that the defendant made the allegation authorized by paragraph 4 of section 162 of the Code of Criminal Procedure now in force and supported it by oral arguments is not sufficient, but it is necessary to include the evidence introduced in the trial court, if any, in the transcript of the record so that we may decide whether or not the appellant was really in jeopardy for the same offense on a former occasion.

As to the second ground, it appears that in the information the prosecuting attorney charged Rafael Burgos with having voluntarily and unlawfully assaulted and beaten Jorge Romany with the intention of causing him injury, having inflicted upon him with his fist several contusions of a serious character, and that to prove such charge the prosecuting attorney introduced the testimony of the victim, Romany, the witnesses Díaz, Merced, and Figueroa, and the medical experts Orcasitas and Marcano.

In brief, Romany testified that he was driving in his carriage on the military road when Burgos requested him to take him as far as his( Burgos's) house; that he acceded to

this request; that Burgos entered the carriage, and when in the carriage, with the aid of another man who held him from behind, assaulted and beat him. Witness Díaz testified that shortly after Romany had left the house of the witness he returned thereto "badly beaten, with many blows on the face and bleeding from the nose, eyes, mouth, and ears." Witnesses Merced and Figueroa testified substantia'ly that they saw Burgos, with the aid of another person, assault Romany. The medical experts testified that they examined Romany, who had received a great many blows; that a great quantity of blood coming from wounds produced by a hard instrument could be seen in the nasal fossae, ears, and mouth; that two hours after the examination a severe congestion of the brain set in; that Romany recovered, but still suffers from an inflammation of the gums which makes mastication difficult.

It also appears that the defense offered the testimony of witnesses tending to show that at the time the alleged assault took place Burgos was at home in his house and that Romany received the injuries in falling from his carriage when the horse he was driving shied at an automobile. The witnesses for the defense also contradicted the testimony of the witnesses for the prosecution, Merced and Figueroa.

The evidence taken, therefore, is contradictory. The trial judge decided the case against the defendant, and as it has not been shown that he was actuated by passion, prejudice, or partiality, or that he committed manifest error, we should accept his decision as just and proper.

As to the third and last ground, we will say that the district judge having accepted as he did the veracity of the witnesses for the prosecution the offense committed by Burgos is of such a serious nature that the penalty imposed upon him is light instead of excessive.

The reasons alleged by the appellant for the reversal or modification, as the case may be, of the sentence pronounced

upon him being insufficient, and as it further appears that no fundamental error was committed, the appeal cannot be sustained and the judgment is affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.